IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE**<br>c/o Kevin E. Byrnes<br>Schnader Harrison Segal & Lewis LLP<br>750 Ninth Street, NW, Suite 550<br>Washington, DC 20001<br><br>*Plaintiff,*<br><br>v.<br><br>**DR. ROBERT M. GATES**, in his official capacity,<br>Secretary of Defense,<br>United States Department of Defense<br>1400 Defense Pentagon<br>Washington DC 20301-1400<br><br>*Defendant.* | Case: 1:09-cv-02349<br>Assigned To : Leon, Richard J.<br>Assign. Date : 12/10/2009<br>Description: Civil Rights-Non-Employ. |

## MOTION TO PROCEED UNDER PSEUDONYM AS "JANE DOE"

Plaintiff "Jane Doe," by counsel, respectfully moves this Court for an Order permitting Plaintiff to proceed as "Jane Doe" in this litigation, and for related confidentiality protections. As grounds therefore, Plaintiff refers the Court to the accompanying Memorandum, and proposed orders.

Dated: December 9, 2009

Respectfully Submitted,

Kevin E. Byrnes (DC Bar No. 480195)
SCHNADER HARRISON SEGAL & LEWIS LLP
750 Ninth Street, NW, Suite 550
Washington, DC  20001
Telephone: (202) 419-4200
Facsimile: (202) 419-3454
kbyrnes@schnader.com

*Attorney for Plaintiff Jane Doe*

PHDATA 3258501_1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE<br>c/o Kevin E. Byrnes<br>Schnader Harrison Segal & Lewis LLP<br>750 Ninth Street, NW, Suite 550<br>Washington, DC 20001<br><br>    *Plaintiff*,<br><br>v.<br><br>DR. ROBERT M. GATES, in his official capacity,<br>Secretary of Defense,<br>United States Department of Defense<br>1400 Defense Pentagon<br>Washington DC 20301-1400<br><br>    *Defendant*. | Civil Action No. 09 2349 |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AS "JANE DOE"

Plaintiff "Jane Doe" respectfully moves this Court for an Order permitting Plaintiff to proceed under pseudonym and for related confidentiality protections. Plaintiff suffers from bipolar mood disorder and brings this action against Defendant, her employer, for unlawful employment discrimination based on her status as an individual with a disability. In light of the sensitive nature of Plaintiff's diagnosis, and the nature of the federal employment that could be harmed by disclosure of her condition, it is critical that Plaintiff be allowed to proceed under pseudonym with related confidentiality protections.

### Background

Plaintiff is a civilian employee of a federal agency within the United States Department of Defense (the "Agency"). The Agency entrusts Plaintiff with complicated, confidential national security information and a security clearance. About six years ago, while employed by

the Agency, Plaintiff was diagnosed with bipolar mood disorder. The Agency has actual knowledge of her diagnosis and treatment. The Agency has made an affirmative determination that, in spite of her diagnosis, Plaintiff remains qualified for her position and fit for duty, as defined under 5 C.F.R. § 339.101 *et seq.*

The Agency recently informed Plaintiff that she was scheduled to deploy to Dubai, United Arab Emirates for a conference on behalf of the United States. According to Agency procedure, Plaintiff submitted to pre-deployment evaluation by the Agency's medical office. As requested, Plaintiff also obtained a letter from her treating physician stating that, in his medical opinion, she was fit for the deployment.

On multiple occasions since her diagnosis, and for similar overseas travel, the Agency's medical office has granted Plaintiff permission to deploy without reservation or need for accommodation. In this instance, however, the Agency's medical office found her "not deployable" based solely on her diagnosis of bipolar disorder even though she did not present with any symptoms and her condition had not changed since her prior deployments. The office held, for the first time, that her diagnosis disqualified her, *per se*, from any deployment to the region regardless of her actual condition or the nature of the anticipated deployment. The office relied on Central Command ("CENTCOM") memoranda that state: "psychotic and bipolar disorders are disqualifying for deployment."

Plaintiff submitted a formal Request for Waiver; pursued an informal appeal through her chain of command; and suggested numerous reasonable accommodations. All of her pleas were denied outright, citing those same memoranda. The Agency also refused to participate in alternative dispute resolution through the Agency's Equal Opportunity Office, again citing those same memoranda.

Plaintiff did not deploy as scheduled and remains categorized as "not deployable." Deployment opportunities, however, can and will arise in the future. If the *per se* finding of "not deployable" stands, Plaintiff will not be able to deploy again to the region for any reason. This failure to deploy will have a profound adverse affect on Plaintiff's performance and appraisal.

With no other recourse, Plaintiff is forced to pursue the instant litigation for unlawful disability discrimination based on disparate treatment, disparate impact, and failure to make reasonable accommodations under the Rehabilitation Act of 1973, as amended. Plaintiff also seeks related declaratory, mandamus, and injunctive relief.

However, Plaintiff faces a Hobson's Choice: if she challenges the unlawful employment action, her identity will be disclosed as well as her condition. The very stigma Plaintiff hopes to avoid will then occur because she challenges a policy that stigmatizes her in the first instance. In order to avoid the very harm she seeks to challenge, therefore, we request that this action proceed under pseudonym with the entry of a protective order to protect the confidentiality of her identity.

### Plaintiff Is Justified Proceeding Anonymously

This Court should grant Plaintiff's motion to proceed under pseudonym and for related protective order to ensure the confidentiality of her identity. Maintaining confidentiality with respect to Plaintiff's condition will protect Plaintiff's privacy and save her from further discrimination, without disadvantaging the Defendant in any way.

The Federal Rules of Civil Procedure and the Local Rules require that a complaint state the names of the parties, and their addresses. Fed. R. Civ. P. 10(a); LCvR 5.1(e)(1). However, it is within the Court's discretion to waive those requirements if the facts of a particular case

warrant anonymity. *Doe v. Von Eschenbach*, No. 06-2131 (RMC), 2007 U.S. Dist. Lexis 46310 (D.D.C. June 27, 2007) (citation omitted).

The District of Columbia Circuit has permitted anonymity when, for example, a plaintiff's sensitive and personal physical and/or mental health information at issue. *See, e.g., Doe v. U.S. Dep't of Justice*, No. 09-411(ESH), 2008 U.S. Dist. Lexis 93000 (D.D.C. Oct. 6, 2009) (permitting an Assistant U.S. attorney with diagnosed anxiety disorder to proceed under pseudonym in suit alleging violations of the Privacy Act and Rehabilitation Act wherein his medical and personnel records were at issue); *Doe v. Rice*, No. 08-1678 (PLF), Dkt. Entries 1-6 (D.D.C. October 1, 2008) (granting motion to proceed under pseudonym and entering protective order for plaintiff with HIV in action for disability discrimination under ADA and Rehabilitation Act); *Doe v. Provident Life & Acc. Ins. Co.*, No. 07-0633 (HHK), Dkt. Entries 1-2 (D.D.C. April 4, 2007) (granting motion to file under pseudonym to plaintiff seeking health care disability benefits from defendant insurance company where plaintiff's anxiety, depression, and PTSD were at issue).

This approach is consistent with many similar decisions in other jurisdictions. *See, e.g., Doe v. Bd. of Ed. of Fallsburgh*, No. 02-9245, 2003 U.S. App. Lexis 9384 (2d Cir. May 15, 2003) (permitting plaintiff with bipolar disorder to proceed under pseudonym in action alleging disability discrimination under ADA and Rehabilitation Act); *Doe v. Rowe*, 156 F. Supp.2d 35 (D. Maine 2001) (permitting plaintiffs with bipolar disorder and other mental impairments to proceed under pseudonym in suit challenging state statute that prohibited individuals under guardianship from voting); *PAS v. Travelers' Ins. Co.*, 7 F.3d 349 (3d Cir. 1993) (permitting plaintiff with bipolar disorder to proceed under pseudonym in suit to recover insurance benefits for mental health treatment).

"Where there are legitimate interests in competition with the right of access to civil cases, courts balance those interests." *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 98 (D.D.C. 2008) (citing a Ninth Circuit opinion itself relying on *Press-Enterprise co. v. Superior Court*, 478 U.S. 1, 9 (1986)); *Von Eschenbach*, No. 06-2131 (RMC), 2007 U.S. Dist. Lexis 46310, at *2 (citation omitted). In balancing the competing interests involved, factors to consider include:

(i) whether the proffered justification is merely to avoid annoyance or criticism that may attend any litigation *or* is to preserve privacy in a matter of sensitivity and highly personal nature;

(ii) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or others;

(iii) whether the action is against a governmental or private party; and

(iv) the age of the requesting party;

(v) the risk of unfairness to the opposing party from allowing an action to proceed against it anonymously.

*Waterfront Employers*, 587 F. Supp.2d at 99 (citation omitted); *see also United States v. Microsoft*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (per curium) (citing with approval Fourth Circuit authority, *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), that summarized the five factors).

In this case, these factors weigh in favor of allowing Plaintiff to proceed under a pseudonym in this litigation. *First*, having a mental disorder – specifically, bipolar disorder – is a sensitive matter of such highly personal nature that a Plaintiff with bipolar disorder should be allowed to litigate under pseudonym to protect her privacy. This is especially true where, as here, the Plaintiff asserts discrimination based not on visible symptoms of her disability but on the perception or record of her disability. Moreover, plaintiff's status as an individual with bipolar disorder is not the only fact at risk of disclosure; plaintiff's medical history, including the nature and extent of any symptomatic outbreaks, and other intimate details of her treatment

including frequency and nature of psychiatric visits and medications will also be at issue in this litigation and, without proceeding under pseudonym, would otherwise become public knowledge. Our society universally recognizes the diagnosis and treatment of a mental impairment such as bipolar disorder as sensitive and highly personal.

*Second*, with respect to risk of physical or mental harm, plaintiff faces stigma, harassment, and further discrimination if this Court requires Plaintiff to disclose the intimate details of her diagnosis, medical history, current condition, and treatment regime. Here, the stigma associated with bipolar disorder, and continued misperceptions about bipolar disorder, is the very cause of the discrimination that Plaintiff challenges in this litigation. *See Waterfront Employers*, 587 F. Supp.2d at 99-110 ("Pseudonymous litigation has been permitted… where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.") (citation omitted). Plaintiff asserts, moreover, that her employer has already discriminated against her because of her diagnosis and she has reasonable concern that she will face similar discrimination by that same employer and future employers in job prospects and employment opportunities if she must publicly disclose her status. Moreover, widespread knowledge of her status throughout the Department of Defense could expose her to harassment and other discrimination.

*Third*, courts are more likely to permit a plaintiff to proceed under pseudonym when the plaintiff challenges a government entity than if an individual has been accused of public wrongdoing. *See Von Eschenbach*, No. 06-2131 (RMC), 2007 U.S. Dist. Lexis 46310, at *2; *accord Waterfront Employees*, 587 F. Supp.2d at 99, n.9. This is undoubtedly because the public has a limited interest in the identity of a plaintiff challenging a discriminatory policy, but a

heightened interest in an individual trying to shield himself from the fallout of his own conduct. In this case, Plaintiff proceeds against a government entity.

*Finally*, there is no risk of unfairness to the opposing party here. Granting Plaintiff's motion will not disadvantage the Defendant in any way. For example, if Plaintiff is permitted to proceed under pseudonym she will nevertheless reveal her identity and other personal identifiers to Defendant under an appropriate protective order. Defendant, therefore, would have access to all relevant information in litigating its position, just as if the case were litigated openly. The only limitation on Defendant would be its ability to disclose Plaintiff's personal identifiers to its employees, related individuals, and to the public, at will and/or en masse. Defendant is not prejudiced by that restriction in any way. Moreover, this approach would ensure that the public still has access to the issues in litigation without further endangering Plaintiff's privacy or subjecting her to the possibility of additional discrimination.

Proceeding under pseudonym would require that the Court waive the general requirements that the title of the Complaint "include the names of all parties," and its Local Rule that the "first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." *See* Fed. R. Civ. P. 10(a); LCvRs 5.1(e)(1) and 11.1. Plaintiff would file as "Jane Doe" and henceforth be known as "Jane Doe" in all filings, hearings, and related activities in this case. Other personal identifiers, including but not limited to her job title, pay grade, and deployment specifics may also be redacted in a public filing. In addition, Plaintiff's address would be deemed that of her counsel.

Plaintiff also respectfully requests that the Court enter the proposed protective order, attached hereto, to ensure that Plaintiff's identity as an individual with bipolar disorder is not disclosed, and that the information that would otherwise make her identifiable will likewise be

kept confidential. Pursuant to Fed. R. Civ. P. 26(c), this Court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden." As the D.C. Circuit has reasoned, "the 'court, in its discretion, is authorized by [Rule 26(c)] to fashion a set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into legitimate interests – including privacy and other confidentiality interests – that might be harmed by the release of the material sought." *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1216 (D.C. Cir. 2004) (citation omitted).[1]

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests that this Court grant her motion to proceed under pseudonym and for entry of related protective order. Proposed orders to that effect are enclosed for the Court's review.

Dated: December 9, 2009

Respectfully Submitted,

Kevin E. Byrnes (DC Bar No. 480195)
SCHNADER HARRISON SEGAL & LEWIS LLP
750 Ninth Street, NW, Suite 550
Washington, DC 20001
Telephone: (202) 419-4200
Facsimile: (202) 419-3454
kbyrnes@schnader.com

*Attorney for Plaintiff Jane Doe*

---

[1] Plaintiff is willing to submit to the Court any documents or declarations it may require regarding Plaintiff's true identity, address, job title, etc., for the Court's own review.